IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD R. WARBINGTON, | :: | CIVIL ACTION NO. |
| Inmate # 52818, | :: | 1:10-CV-00901-TCB |
| Plaintiff, | :: | |
| | :: | |
| v. | :: | |
| | :: | |
| RICHARD R. READ, | :: | PRISONER CIVIL RIGHTS |
| Defendant. | :: | 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, Richard Warbington, an inmate at the Rockdale County Jail in Conyers, Georgia, has submitted this *pro se* civil rights action, seeking relief under 42 U.S.C. § 1983. The matter is now before the Court for an initial screening. For the purpose of dismissal only, leave to proceed *in forma pauperis* is hereby **GRANTED**.

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success" – for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the

legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995); L.S.T., Inc. v. Crow, 49 F.3d 679, 683-84 (11th Cir. 1995) (noting that "[i]t is well-established that . . . conclusory allegations are insufficient to state a § 1983 claim for relief").

Warbington claims that he was arrested on December 5, 2009; charged with simple assault, battery, and making terroristic threats; and placed in the Rockdale County Jail. He further claims that after he filed a civil action against the Rockdale County Sheriff alleging that, while at the Jail, he has been denied treatment for his life threatening medical conditions, Defendant Richard Read, the Rockdale County District Attorney, indicted him "on five new felon[ie]s and two more misdemeanors," in retaliation for his having filed suit against the Sheriff. (Compl. ¶ IV.) Warbington seeks three million dollars in compensatory damages "for defamation of character and malicious prosecution," and also asks "that these false allegations be dismissed" and

2

that the Rockdale County District Attorney's Office, Public Defender's Office, and Sheriff's Office be investigated. (Id. ¶ V.)

"Prosecutors are . . . entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the [state's] case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Further, when a § 1983 plaintiff has an adequate remedy at law, such as the right to an appeal or to seek mandamus relief, he is not entitled to equitable relief against a prosecutor. Id. at 1242-43. Moreover, a malicious prosecution claim does not accrue until the favorable termination – via dismissal, acquittal, or the like – of the criminal proceedings complained of. See Uboh v. Reno, 141 F.3d 1000, 1003-07 (11th Cir. 1998).

For the foregoing reasons, this Court finds that Plaintiff's complaint is frivolous and also fails to state a claim for relief, and it is **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 30th day of April, 2010.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

3